*Given Dismissal of DOES*

CENTER FOR DISABILITY ACCESS, LLP
MARK D. POTTER, ESQ., SBN 166317
RUSSELL C. HANDY, ESQ., SBN 195058
100 East San Marcos Blvd., Suite 400
San Marcos, CA 92069-2988
(760) 480-4162
Fax (760) 480-4170

Attorney for Plaintiffs, MARY JO KITTOK & CURTIS BELL

FILED 2008 JUN 16 PM 2:25 CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EDCV08-0804 SGL (RCx)

| | |
|---|---|
| MARY JO KITTOK; CURTIS BELL,<br><br>Plaintiff,<br><br>v.<br><br>ELEANOR B. MOLNAR, DOING BUSINESS AS PINE TREE INN; MICHAEL MOLNAR, DOING BUSINESS AS PINE TREE INN, and DOES 1 through 100, inclusive<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:** AMERICAN'S WITH DISABILITIES ACT; UNRUH CIVIL RIGHTS ACT; CALIFORNIA DISABLED PERSONS ACT; NEGLIGENCE<br><br>**DEMAND FOR JURY** |

Plaintiffs MARY JO KITTOK and CURTIS BELL complain of Defendants ELEANOR B. MOLNAR, DOING BUSINESS AS PINE TREE INN; MICHAEL MOLNAR, DOING BUSINESS AS PINE TREE INN, and DOES 1 through 100, inclusive, (hereinafter referred to as "Defendants") and alleges as follows:

**INTRODUCTION:**

**1.** This is a Civil Rights action for discrimination against persons with physical disabilities, of which Plaintiff is a member of said class, for violation of the Americans with Disabilities Act and related state laws addressing the defendants' failure to provide

-1-

Complaint

wheelchair accessible transportation. Plaintiff seeks injunctive relief and damages for violations of civil rights and for damages flowing from such violations.

**PARTIES:**

2. Plaintiff MARY JO KITTOK is a California resident with physical disabilities. She is an amputee who suffers from arthritis and requires a wheelchair for mobility.

3. Plaintiff CURTIS BELL is a California resident with physical disabilities. He is an amputee who has a prosthetic device and requires a wheelchair for mobility for any distance.

4. Defendants are or were at the time of the incident the owners and operators and/or lessors and lessees of the Restaurant located at 841 Main Street, Cambria, California.

5. Plaintiffs do not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiffs are informed and believe that each of the Defendants herein, including DOES 1 through 100, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiffs will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and DOES 1 through 100, inclusive, are ascertained

**FACTUAL ALLEGATIONS:**

6. The Restaurant is a facility open to the public, a place of public accommodation, and a business establishment.

7. The Plaintiffs, husband and wife, patronized the Restaurant, to eat lunch, on May 14, 2007.

8. During their visit, the Plaintiffs encountered various violations of the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of

the California Code of Regulations, including, but not limited to, there were no van accessible disabled parking places, there were no designated disabled accessible parking places, there were inaccessible features in the bathroom, and there was a lack of accessible paths of travel.

9. Naturally, Plaintiffs KITTOK and BELL were frustrated, angry and/or vexed as a result of encountering these conditions, these violations of their civil rights, and the lack of safe, convenient and accessible facilities. Although these injuries are modest in scope and did not result in any loss of wages or economic damage or medical care or attention, the continued violation of the Plaintiffs' civil rights by these defendants and the highly unpleasant emotional distress caused by such unlawful treatment is attributable to the actions or inactions of the defendants and plaintiff seeks redress from these defendants for such injury.

10. Plaintiffs would like to return and patronize the Defendants' Restaurant, however, the Plaintiffs are unable to use the Restaurant on a "full and equal" basis until the Restaurant is brought into compliance with the provisions of the Americans with Disabilities Act Accessibility Guidelines and state accessibility law as pled herein. Plaintiffs have been and currently are being deterred from returning and patronizing the Defendants' Restaurant on a full and equal basis.

**I.    FIRST CAUSE OF ACTION:** VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (On behalf of Plaintiffs and Against All Defendants) (Cal Civ § 51-53)

11. The Defendants are persons who either own, operate, lease or lease to a place of public accommodation. As such, the Defendants are required to (1) ensure that all construction, alteration, or modification is barrier free and complies with the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of the California Code of Regulations (aka "California Building Code"); and/or (2) remove all existing barriers where such removal is "readily achievable." The Defendants have failed to meet these obligations. The existence of readily achievably removed barriers and barriers in violation of the ADAAG and/or California Building

Code, including, but not limited to, there were no van accessible disabled parking places, there were no designated disabled accessible parking places, there were inaccessible features in the bathroom, and there was a lack of accessible paths of travel, is unlawful and has resulted in the defendants' failure to provide full and equal accommodations, advantages, facilities, privileges and/or services to the Plaintiffs.

**II.     SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiffs and Against All Defendants) (Cal Civ § 51-53)

12. The Defendants are persons who either own, operate, lease or lease to a place of public accommodation or business establishment. As such, the Defendants are required to (1) ensure that all construction, alteration, or modification is barrier free and complies with the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of the California Code of Regulations (aka "California Building Code"); and (2) remove all existing barriers where such removal is "readily achievable." The Defendants have failed to meet these obligations. The Defendants intended the physical and architectural condition of their property. The existence of readily achievably removed barriers and barriers in violation of the ADAAG and/or California Building Code, including, but not limited to, there were no van accessible disabled parking places, there were no designated disabled accessible parking places, there were inaccessible features in the bathroom, and there was a lack of accessible paths of travel, is unlawful and has resulted in the defendants' failure to provide full and equal accommodations, advantages, facilities, privileges and/or services to the Plaintiffs.

13. The acts alleged above, which form the basis of the Plaintiffs' discrimination claim, are intentional acts.

**III.    THIRD CAUSE OF ACTION: VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT** (On behalf of Plaintiffs and Against All Defendants) (Cal Civ § 54-54.8)

14. The Defendants are persons who either own, operate, lease or lease to a place of public accommodation or a facility open to the public. As such, the Defendants are

Complaint

required to (1) ensure that all construction, alteration, or modification is barrier free and complies with the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of the California Code of Regulations (aka "California Building Code"); and (2) remove all existing barriers where such removal is "readily achievable." The Defendants have failed to meet these obligations. The existence of readily achievably removed barriers and barriers in violation of the ADAAG and/or California Building Code, including, but not limited to, there were no van accessible disabled parking places, there were no designated disabled accessible parking places, there were inaccessible features in the bathroom, and there was a lack of accessible paths of travel, is unlawful and has resulted in the defendants' failure to provide full and equal accommodations, advantages, facilities, privileges and/or services to the Plaintiffs.

**IV.   FOURTH CAUSE OF ACTION:** NEGLIGENCE (On behalf of Plaintiffs and Against All Defendants)

**15.** The Defendants had a general duty and a duty arising under the Americans with Disabilities Act and the Unruh Civil Rights Act and California Disabled Persons Act to provide safe, convenient, and accessible facilities to the Plaintiffs in the running of their Restaurant. Their breach of this duty, as alleged in the preceding paragraphs, has caused injury and damage as alleged above.

**PRAYER:**

Wherefore, Plaintiffs pray that this court award damages and provide relief as follows:

**1.** For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. **Note:** the Plaintiffs are not invoking section 55 of the California Civil Code and are not seeking injunctive relief under that section.

**2.** Damages under the Unruh Civil Rights Act and/or the California Disabled Persons Act. **Note:** A Defendant cannot be held liable for damages under both the

1  Unruh Civil Rights Act and the California Disabled Persons Act and the Plaintiffs will
2  make an election at trial depending upon the evidence amassed.
3      **3.** Reasonable attorneys' fees, litigation expenses and costs of suit, pursuant to
4  42 U.S.C. § 12205; Cal. Civ. Code §§ 52 and 54.3 and Cal. Civ. Proc. § 1021.5.

Dated: June 9, 2008    CENTER FOR DISABILITY ACCESS, LLP

By: _____
MARK D. POTTER
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: June 9, 2008    CENTER FOR DISABILITY ACCESS, LLP

By: _____
MARK D. POTTER
Attorneys for Plaintiff

Complaint